[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11330
Non-Argument Calendar

_____

D.C. Docket Nos. 2:11-cv-00643-JES-SPC,
2:06-cr-00060-JES-SPC-2

MAIKEN AGUILA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 3, 2013)

Before TJOFLAT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Maiken Aguila, a legal permanent resident facing deportation to Cuba

following his guilty plea in 2006 to a federal charge of possession with intent to

distribute marijuana plants, appeals the District Court's order denying his petition for writ of error *coram nobis*, pursuant to 28 U.S.C. § 1651.[1] As a basis for his petition, Aguila asserted that his judgment and conviction should be vacated in light of *Padilla v. Kentucky*, 559 U.S. ___, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), because his previous counsel was ineffective for failing to inform him, or misinforming him, of the immigration consequences of pleading guilty.

After the parties filed their briefs on appeal, the Supreme Court issued its decision in *Chaidez v. United States*, No. 11-820, slip. op. at 5-6, 15 (U.S. Feb. 20, 2013), also a *coram nobis* case where the petitioner sought the retroactive applicability of *Padilla* to her conviction. In *Chaidez*, the Court held that *Padilla* announced a new constitutional rule of criminal procedure, and was not retroactive to defendants whose convictions became final before its issuance. *Chaidez*, slip. op. at 15. In light of *Chaidez*, Aguila cannot seek, as he does here, *coram nobis* relief on the ground that *Padilla* retroactively applies to his conviction. Accordingly, we affirm the District Court's order denying his *coram nobis* petition.

AFFIRMED.

---

[1] Aguila explicitly referenced in his notice of appeal the District Court's February 2012 order denying his writ of error *coram nobis*, but incorrectly described that order as one also dismissing his 28 U.S.C. § 2255 and *audita querela* motions. Because his intent, as evidenced by the record, was only to appeal the denial of his *coram nobis* petition, we lack jurisdiction to consider the dismissal of his § 2255 and *audita querela* motions. *See Osterneck v. E.T. Barwick Indust., Inc.*, 825 F.2d 1521, 1528-29 (11th Cir. 1987).